UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| GERALD J. FOSTER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CV-0049 RM |
| | ) | |
| JEAN GIGLI, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Gerald Foster, a prisoner confined at the Allen County Jail, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Fort Wayne Police Officers Jean Gigli and Brian Martin violated his federally protected rights, and also violated Indiana Code 4-5-8-14, during his arrest and interrogation. Under 28 U.S.C. § 1915A(a), the court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b).

Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> . . . only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more

> than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950; 173 L. Ed. 2d 868, 884 (2009) (quotation marks and citations omitted).

Mr. Foster's complaint says that on January 4, 2010, Officer Gigli and his partner violated the Fourth Amendment's prohibition against unreasonable searches and seizures by entering and searching his apartment without a warrant or consent, and then by arresting him without a warrant or probable cause. He also alleges that Officer Gigli didn't read him his Miranda rights before interrogating him in his home. Mr. Foster says officers transported him to the Fort Wayne Police Department where Officer Martin violated his Fifth, Eighth, and Fourteenth Amendment rights by interrogating him in a "conniving and manipulating trickery, intimidat[ing], threatful way."(Docket #1 at 4). Mr. Foster alleges that "Brian Martin violated my Eighth Amendment [rights] by cruel, mental punishment [and] illegal tactics . . . [and] . . . manipulated me in[to] making a statement under duress." (*Id.*).

Mr. Foster brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Burrell v. City of Matoon, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983

case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979). Mr. Foster's claim that the defendants' actions violated Indiana Code 4-5-8-14, or any other provision of state law, states no claim upon which relief can be granted in a § 1983 action.

Mr. Foster alleges that Officer Gigli entered and searched his apartment without a warrant or consent, then arrested him without a warrant or probable cause. A complaint asserting a search or arrest based on no probable cause implicates the Fourth Amendment. See Booker v. Ward, 94 F.3d 1052, 1057 (7th Cir. 1996). The court of appeals has emphasized that "Fed. R. Civ. P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Giving Mr. Foster the benefit of the inferences to which he is entitled at the pleadings stage, the court can't say that he can prove no set of facts in support of his Fourth Amendment search and seizure claim that would entitle him to relief.

Mr. Foster also alleges that Officer Gigli violated his federally protected rights by neglecting to read him his Miranda rights before questioning him in his apartment.

> The Constitution and laws of the United States do not guarantee [plaintiff] the right to Miranda warnings. They only guarantee him the right to be free from self-incrimination. The Miranda decision does not even suggest that police officers who fail to advise an arrested person of his rights are subject to civil liability; it requires, at most, only that any confession made in the absence of such advice of rights be excluded from evidence. No rational argument can be made in support of the notion that the failure to give Miranda warnings subjects a police officer to liability under the Civil Rights Act § 1983.

3

Hensley v. Carey, 818 F.2d 646, 650 (7th Cir. 1987), quoting Bennett v. Passic, 545 F.2d 1260, 1263 (10th Cir.1976).

Mr. Foster alleges that Officer Martin questioned him at the police station in a manner that violated the Fifth, Eighth, and Fourteenth Amendments. Analysis of claims brought under § 1983 begins by identifying the specific constitutional right allegedly infringed by defendants. See Graham v. Conner, 490 U.S. 386, 394, (1989). The Fifth Amendment's due process clause applies only to acts of the federal government and doesn't limit actions of state officials. Craig v. Cohn, 80 F.Supp.2d 944, 947 (N.D. Ind. 2000).The Fourteenth Amendment's due process clause protects the rights of pretrial detainees, and the Eighth Amendment's cruel and unusual punishments clause protects the rights of those convicted of crimes. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). "[T]he Fourth Amendment governs the period of confinement between arrest without a warrant and the preliminary hearing at which a determination of probable cause is made, while due process regulates the period of confinement after the initial determination of probable cause." Lopez v. City of Chicago, 464 F.3d 711, 719 (7th Cir. 2006) (quoting Villanova v. Abrams, 972 F.2d 792, 797 (7th Cir. 1992) (quotation marks omitted). Because Mr. Foster says he had been arrested without a warrant and had not yet had a probable cause determination, the court will consider his claims against Officer Martin under the Fourth Amendment.

Mr. Foster alleges that Officer Martin used "conniving and manipulating trickery" in an intimidating and threatning way to obtain an apparently inculpatory statement from

4

him. Certain types of police conduct may violate the Fourth Amendment and result in the exclusion of evidence against a suspect. Arizona v. Fulminante, 499 U.S. 279 (1991) (credible threat of physical violence is sufficient to render a suspect's confession the product of coercion);. Harris v. Bornhorst, 513 F.3d 503 (6th Cir. 2008) (use of intensive interrogation technique, including protracted coaxing and implicit threats, resulted in suspect and inherently untrustworthy confession that could not form basis for determination that police had probable cause to arrest).

But, as with the question of whether officers gave a suspect appropriate Miranda warnings, the tactics police use to interrogate a suspect doesn't subject them to civil liability — though inappropriate tactics might render a suspect's statement inadmissable at trial. Whether Mr. Foster's statement to Officer Martin is inadmissable in his state prosecution is a determination for the state trial court to make. For this court to make such a determination would violate the abstention doctrine, as set forth in Younger v. Harris, 401 U.S. 37, 53 (1971), which requires a federal district court to refrain from interfering with pending state criminal proceedings in deference to principles of equity, comity, and federalism. If Mr. Foster believes that his statement is inadmissible because of Officer Martin's interrogation tactics, he must present his arguments in state court.

Use of torture or physical force on a suspect to obtain a confession could render them liable in a civil action. See Graham v. Conner, 490 U.S. 386, 394, (1989) (Fourth Amendment precludes use of excessive force in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen). But there is no suggestion in this complaint that Officer

Martin used any sort of physical force on Mr. Foster, and the well-pleaded facts in this complaint do not present a claim upon which this court can grant relief in a § 1983 action. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950.

Mr. Foster also seeks damages from both defendants for "defamation of character." (DE 1 at 5). Slander or defamation states no claim upon which relief can be granted under § 1983. Paul v. Davis, 424 U.S. 693 (1976) ("[W]e hold that the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law.").

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendant Jean Gigli for damages in his personal capacity on the plaintiff's claim that defendant Gigli violated the Fourth Amendment's prohibition against unreasonable *searches* and seizures by entering and searching his apartment without a warrant or consent, and then by arresting him without a warrant or probable cause;

(2) DISMISSES, pursuant to 28 U.S.C. § 1915A(b)(1), defendant Brian Martin and all other claims;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that defendant Gigli respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendant Gigli on the plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint.

SO ORDERED.

ENTERED: March  25 , 2010

              /s/ Robert L. Miller, Jr.
              Judge
              United States District Court

cc: G. Foster