UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| GERALD J. FOSTER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CV-00049 RM |
| | ) | |
| JEAN GIGLI, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

## OPINION AND ORDER

On March 25, this court screened plaintiff Gerald Foster's complaint, allowed him to proceed against Fort Wayne Police Officer Jean Gigli on his Fourth Amendment claim that Officer Gigli searched his residence and arrested him without a warrant or a probable cause determination. The court dismissed Mr. Foster's claims against Officer Brian Martin, who wasn't involved in arresting Mr. Foster, but who questioned him after he arrived at the Fort Wayne Police Department.

Mr. Foster has submitted a letter that appears to ask the court to reconsider the dismissal of Officer Martin, and states that he "would like to file an appeal on Det. Martin." (Docket #11 at 1). To the extent Mr. Foster is asking the court to reconsider the dismissal of Officer Martin, Mr. Foster hasn't provided grounds that would justify reinstating the claim against Officer Martin.

In his complaint, Mr. Foster alleged that on January 4, 2010, Officer Gigli and his partner violated the Fourth Amendment's prohibition against unreasonable *searches* and seizures by entering and searching his apartment without a warrant or consent, and then

by arresting him without a warrant or probable cause. The court determined that giving Mr. Foster the benefit of the inferences to which he is entitled at the pleadings stage, the court could not say that he could prove no set of facts in support of his Fourth Amendment search and seizure claim that would entitle him to relief.

According to the complaint, Officer Martin wasn't involved in the search of Mr. Foster's residence or in his arrest. The complaint alleged that Officer Martin questioned him, after he arrived at the police station in a manner that violated the Fifth, Eighth, and Fourteenth Amendments. Mr. Foster alleges that Officer Martin used "conniving and manipulating trickery" in an intimidating and threatning way to obtain an apparently inculpatory statement from him. (Docket #1 at 4).

Certain types of police conduct might violate the Fourth Amendment and result in the exclusion of evidence against a suspect. Arizona v. Fulminante, 499 U.S. 279 (1991) (credible threat of physical violence is sufficient to render a suspect's confession the product of coercion); Harris v. Bornhorst, 513 F.3d 503 (6th Cir. 2008) (use of intensive interrogation technique, including protracted coaxing and implicit threats, resulted in suspect and inherently untrustworthy confession that could not form basis for determination that police had probable cause to arrest). But, as with whether officers gave a suspect appropriate Miranda warnings, tactics used by police to interrogate a suspect doesn't subject them to civil liability — though inappropriate tactics might render a suspect's statement inadmissable at trial. Nothing in Mr. Foster's letter suggests that the dismissal of the claims against Officer Martin was inappropriate.

Mr. Foster's letter states "I would like to file an appeal on Det. Martin." (Docket #11 at 1). The court construes this as a notice of appeal, and will direct the clerk to docket the letter as a notice of appeal

For the foregoing reasons, the court DENIES the plaintiff's request in docket #11 that it reconsider the dismissal of the claims against defendant Martin, and DIRECTS that the clerk docket the letter as a notice of appeal.

SO ORDERED.

ENTERED: April  22 , 2010

/s/ Robert L. Miller, Jr.
Judge
United States District Court